UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
 UNITED STATES OF AMERICA,               :
                                         :      24cr686 (DLC)
              -v-                        :
                                         :      MEMORANDUM OPINION
 FEDERICO HERNANDEZ GAMBOA,               :          AND ORDER
                                         :
                   Defendant.            :
                                         :
-----------------------------------------X

DENISE COTE, District Judge:

On March 13, 2025, Federico Hernandez Gamboa was sentenced principally to 30 months' imprisonment following his plea of guilty to conspiring to commit wire fraud.  Through a motion filed on December 8, 2025, Hernandez seeks compassionate release.  His application is denied.

## Background

For roughly three years, the defendant participated in a conspiracy to victimize elderly individuals by getting them to send wire transfers to bank accounts purportedly controlled by a sweepstakes lottery.  The conspirators obtained over $4 million from the victims, over $660,000 of which was sent directly to bank accounts controlled by the defendant.

The defendant pleaded guilty pursuant to a plea agreement in which he waived his right to challenge a sentence of 37 months' imprisonment or anything less than that term of

imprisonment.  In his plea allocution the defendant explained that he participated in a wire fraud conspiracy between 2020 and 2023, receiving money from victims while knowing that the money had been obtained by fraud.  He was sentenced on March 13, 2025 principally to a term of 30 months' imprisonment, a sentence at the bottom of his guidelines range.  The defendant did not appeal his conviction.  He is expected to be released from Bureau of Prisons custody on May 24, 2026.

Through a motion filed on December 8, 2025, the defendant seeks a reduction of his sentence pursuant 18 U.S.C. § 3582(c)(1)(A).  He provides evidence that he petitioned the Warden for a sentence reduction but received no reply to his petition.

In support of this application, Hernandez contends that the Government misrepresented the nature of his relationship with one of the victims of the conspiracy, identified as Victim-4, and thereby increased the loss amount attributable to the conspiracy.  Hernandez submits documents in support of his assertion that $250,000 of the money received from Victim-4 was pursuant to a loan and not the sweepstakes lottery scheme.  Accordingly, Hernandez seeks a reduction in his sentence to 24 months' imprisonment, as well as reductions in his restitution amount and term of supervised release.  He is aware that he had

a right to appeal and to collaterally attack his conviction but prefers to bring this motion for a sentence reduction.

As reflected in the Presentence Report, Victim-4 made payments of over $551,000 to the conspirators.  The fraud began during the COVID-19 pandemic, when the victim was 99 years old and isolated from his family.  When the victim's bank alerted the victim's family to the transfers, the family retained legal counsel to prevent further victimization.  It also had to pay capital gains taxes incurred by the victim because he had liquidated his assets to make the payments requested during the scheme.  As a result of this scheme, the victim spent the final years of his life feeling angry, humiliated, and helpless.

## Discussion

It is assumed for the purposes of this Opinion that Hernandez has satisfied the administrative exhaustion requirement of the compassionate release statute.  18 U.S.C. 3582(c)(1)(A).  Therefore, the Court may reduce Hernandez's sentence if "extraordinary and compelling reasons" warrant reduction.  18 U.S.C. § 3582(c)(1)(A)(i).  District courts are entitled to "independently ... determin[e] what reasons ... are extraordinary and compelling."  United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020) (citation omitted).  If Hernandez has shown that "extraordinary and compelling reasons" for

3

compassionate release are present, the Court must also consider the sentencing factors set forth at 18 U.S.C. § 3553(a) before reducing his sentence.

The defendant has not described extraordinary circumstances that support early release from custody. Moreover, the § 3553(a) factors counsel strongly against a sentence reduction. The defendant's scheme caused great financial loss and emotional devastation to its victims. The defendant does not acknowledge the gravity of his criminal behavior at any point in this application. Thus, a term of imprisonment remains important to deter the defendant from criminal activity and to protect the public.

## Conclusion

The defendant's December 8, 2025 motion for compassionate release is denied. The Clerk of Court shall mail Hernandez a copy of this Order and note mailing on the docket.

Dated:    New York, New York
          March 12, 2026

_____
DENISE COTE
United States District Judge

4